IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CR-142-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| FRANKIE WILLIS, ) | |
| ) | |
| Defendant. ) | |

On February 9, 2021, Frankie Willis ("Willis" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 48]. On April 4, 2022, the government responded in opposition [D.E. 55] and attached an exhibit [D.E. 56]. On May 18, 2022, Willis, through counsel, replied [D.E. 60]. As explained below, the court denies Willis's motion.

I.

On January 30, 2020, pursuant to a written plea agreement, Willis pleaded guilty to possession with the intent to distribute a quantity of marijuana, a quantity of cocaine, a quantity of Hydrocodone, and a quantity of Oxycodone (count one) and possession of firearms in furtherance of a drug trafficking crime (count three). See [D.E. 26, 28]. On June 18, 2020, the court held Willis's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 40]; [D.E. 43]. The court calculated Willis's total offense level to be 15, his criminal history category to be I, and his advisory guideline range to be 18 to 24 months' imprisonment on count one and 60 months' consecutive imprisonment

on count three. See PSR ¶¶ 21, 60, 63. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Willis to 18 months' imprisonment on count one and 60 months' consecutive imprisonment on count three, for a total sentence of 78 months' imprisonment. See [D.E. 45] 3. Willis did not appeal. On February 9, 2021, Willis moved for compassionate release [D.E. 48].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's

3

minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

On November 11, 2020, Willis applied to the warden for compassionate release. See [D.E. 55-1]; [D.E. 55] 3. On December 14, 2020, the warden denied the request. See [D.E. 48] 11. The government has not invoked section 3582(c)(1)(A)'s exhaustion requirements. See [D.E. 55]. Therefore, the court addresses Willis's motion on the merits. See Muhammad, 16 F.4th at 130.

Willis seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his medical conditions (obesity, asthma, prediabetes, hypertension, sciatica, hypogonadism, chronic inflamed sinuses, hemorrhoids, residual pain from car accident injuries, chronic obstructive pulmonary disease, sleep apnea, and peripheral neuropathy), his release plan, his rehabilitative efforts, and his desire to care for his wife and two children. See [D.E. 60] 1–2, 7–9; [D.E. 48] 4.

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Willis is 55 years old and, according to medical records, has diagnoses of morbid obesity, asthma, prediabetes, hypertension, sciatica, hypogonadism, chronic inflamed sinuses, hemorrhoids, heel pain, and chronic low back pain. See [D.E. 56] 2, 4–7; [D.E. 55] 3–4. His medical conditions are under control. See [D.E. 56] 4–7.

Willis argues that his medical conditions put him at heightened risk of serious infection or

4

death from COVID-19. See [D.E. 60] 1–3, 6; [D.E. 48] 4. Willis, however, had COVID-19 in February 2022, was asymptomatic, and did not have severe illness. See [D.E. 56] 3; [D.E. 60] 6. Willis is also vaccinated. See [D.E. 56] 1. Willis's natural antibodies and the vaccine provide protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); Garrett v. Murphy, 17 F.4th 419, 433 & n.7 (3d Cir. 2021) (discussing natural immunity as a result of recovering from COVID-19); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No.

5

21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Willis from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Therefore, reducing Willis's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "age of the defendant" policy statement, compassionate release may be warranted if the defendant "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13 cmt. n.1(B). Willis, however, is 55 years old, is not experiencing a serious deterioration in physical or mental health due to aging, and has not served ten years or 75 percent of his sentence. See [D.E. 56] 4–7; [D.E. 55] 3; [D.E. 45]1, 3. Thus, he does not meet the policy statement's requirements.

As for the "family circumstances" policy statement, it does not apply to a desire to care for a spouse who is not incapacitated or minor children when another caregiver is available. See U.S.S.G. § 1B1.13 cmt. n.1. Willis's wife is employed at the Robeson County Department of Social Services and recently received a promotion and a $6,000 raise. See [D.E. 47] 4; [D.E. 60] 9. She has cared for their two minor children, her elderly mother, and her late sister during Willis's incarceration. See [D.E. 47] 3; [D.E. 60] 7. Nonetheless, the court considers Willis's desire to care for his wife and minor children under the "other reasons" policy statement and assumes without deciding that it is an extraordinary and compelling reason.

As for the "other reasons" policy statement, the court assumes without deciding that the

6

COVID-19 pandemic, Willis's medical conditions, his age, his release plan, his rehabilitative efforts, and his desire to care for his wife and minor children are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Willis's sentence. See Hargrove, 30 F.4th at 198–99; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32.

Willis is 55 years old and is incarcerated for possession with intent to distribute a quantity of marijuana, a quantity of cocaine, a quantity of Hydrocodone, and a quantity of Oxycodone (count one) and possession of firearms in furtherance of a drug trafficking crime (count three). See PSR ¶¶ 1, 3, 6. Willis was accountable for 33 grams of cocaine, 1.17 kilograms of marijuana, 735 grams of Oxycodone, and 1,557.5 milligrams of Hydrocodone. See id. ¶ 11. Despite being a convicted felon, Willis possessed 14 firearms, including 3 handguns, 5 rifles, and 6 shotguns. See id. ¶ 10; [D.E. 55] 2. He stored these firearms and substances at his family's home. See PSR ¶¶ 9–10. Moreover, Willis is a repeat drug dealer and has a criminal history dating back to 1986. See id. ¶¶ 16–18. Before this conviction, Willis received felony convictions for manufacturing marijuana and possession with the intent to sell or deliver marijuana. See id. ¶ 18. He also received misdemeanor convictions for tampering with vehicle parts, trespassing without a license, and possession of drug paraphernalia. See id. ¶¶ 16–18.

Willis has made some positive efforts while federally incarcerated. He has completed a drug abuse course and has taken classes on parenting and typing, among other topics. See [D.E. 55] 25. He has not incurred infractions while incarcerated. See id. at 3.

7

The court must balance Willis's positive efforts while federally incarcerated with his serious criminal conduct, his serious criminal history, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Willis's potential exposure to COVID-19, his medical conditions, his vaccinated status, his age, his release plan, his rehabilitative efforts, and his desire to help his wife and children. Willis has a release plan that includes working and living with his wife and children in Lumberton, North Carolina. See [D.E. 60] 9. The court recognizes Willis has a supportive family and hopes to help care for his wife and children. See id.; [D.E. 47]. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Willis's arguments, the government's persuasive response, the need to punish Willis for his serious criminal behavior, to incapacitate Willis, to promote respect for the law, to deter others, and to protect society, the court denies Willis's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 48].

SO ORDERED. This 2 day of September, 2022.

JAMES C. DEVER III
United States District Judge